IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 CR 56

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| JOSEPH CARO, JR., | ) |
| | ) |
| and | ) |
| | ) |
| EASTERN BAND OF CHEROKEE INDIANS, | ) |
| | ) |
| Garnishee. | ) |

## ORDER OF CONTINUING GARNISHMENT

This matter is before the Court on the Answer of Garnishee (Doc. 30) Eastern Band of Cherokee Indians ("Tribe"), the Government's response (Doc. 31), and the Government's Motion for Order of Continuing Garnishment (Doc. 35).

On August 23, 2018, the Honorable Martin Reidinger, United States District Judge, sentenced Defendant to twelve months' incarceration for his conviction of Assault by Striking, Beating, or Wounding. See (Doc. 18). As part of the Judgment, Defendant was ordered to pay a $25.00 criminal assessment and restitution of $18,696.41.

Subsequently, the United States sought to garnish Defendant's *per capita* gaming revenue. On May 24, 2019, the Court entered a Writ of

Continuing Garnishment as to the Tribe (Doc. 25). The United States is entitled to garnish the *per capita* payments and has satisfied the prerequisites set forth in 15 U.S.C. § 1673 and other applicable statutes.

On June 7, 2019, the Tribe filed an Answer (Doc. 30) which sets forth objections and defenses to the Government's right to garnish and requests that the writ of continuing garnishment be quashed.

In particular, the Tribe argues that, pursuant to Section 16C-5(d) of the Cherokee Code, the *per capita* distribution of net gaming revenues is exempt from creditors, except for (1) child support or (2) debts to the Tribe. The Tribe recognizes previous authority in this District finding that the Tribe's sovereign immunity has been abrogated by the Federal Debt Collection Practices Act, but suggests that as a matter of comity and in the interest of the sound administration of justice, any garnishment order in this action should be enforced through the Cherokee Court to ensure proper allocation of garnishment distributions.

However, no legal authority has been cited in support of the Tribe's request, and the undersigned finds that the funds sought to be garnished in this case should be collected, handled, and distributed by and through the Government and the Clerk of Court in the usual course and in accordance with applicable law and as ordered in the pertinent judgment.

**IT IS THEREFORE ORDERED THAT**:

1. The Tribe's objections, defenses, and set offs are **OVERRULED** and its motion to quash is **DENIED**;

2. The Government's Motion for Order of Continuing Garnishment (Doc. 35) is **GRANTED**; and

3. An Order of Continuing Garnishment is **ENTERED** in the amount of $18,571.41, which is the balance of the debt as calculated through May 2, 2019. This Order shall attach to each *per capita* distribution of gaming revenues, and all such revenue shall be garnished in favor of the United States until Defendant's debt is paid in full.

Signed: October 15, 2019

W. Carleton Metcalf
United States Magistrate Judge